NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK ANTHONY CANDLER, | No.   16-15638 |
| Plaintiff-Appellant, | D.C. No. 4:11-cv-01992-CW |
| v. | |
| SANTA RITA COUNTY JAIL WATCH COMMANDER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted December 2, 2019
San Francisco, California

Before: W. FLETCHER, CLIFTON, and MILLER, Circuit Judges.

Mark Anthony Candler, a former inmate of the Santa Rita County Jail,

brought this action under 42 U.S.C. § 1983 against officials involved with his

classification into administrative segregation (the classification defendants) and

officials who responded to his written grievances (the grievance defendants). He

now appeals from the district court's orders granting summary judgment in favor

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of all defendants. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

1.      The district court correctly determined that Candler did not raise a genuine dispute of fact material to whether the classification defendants violated his procedural due process rights by holding him in administrative segregation. Relying on *Mitchell v. Dupnik*, 75 F.3d 517 (9th Cir. 1996), Candler argues that jail officials were required to provide him with a hearing that met the standards of *Wolff v. McDonnell*, 418 U.S. 539 (1974). But *Mitchell* involved a decision to house an inmate in solitary confinement for disciplinary reasons. *See* 75 F.3d at 523–24. Candler presents no evidence that jail officials housed him in administrative segregation for any violation of jail rules, nor does he identify other authority requiring officials to hold a formal hearing in these circumstances.

Candler also argues that he was entitled to informal process consisting of "notice of the charges against him and an opportunity to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986) (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482–83 (1995)). Even assuming, without deciding, that such a due process right was clearly established, no reasonable juror could conclude that the classification defendants violated Candler's rights. Jail officials testified that they explained the reasons for keeping Candler in administrative

2

segregation and gave him the opportunity to respond. Candler's contrary testimony conflicts with undisputed video evidence of his own creation in which Candler admits that jail officials communicated at least one major reason why he was placed in administrative segregation: for his own protection. As he explained, "they tryin' to say that [the general population is] not secure enough for a critical leader [of the Acorn street gang] like myself so they put me up in the hole right, so [no one can] get to me man." In light of the video, Candler's testimony that jail officials did not explain any of the reasons for his confinement cannot create a triable issue of fact to survive summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

2.      We reject Candler's substantive due process claim against the classification defendants. Candler alleges that jail officials placed him in administrative segregation as punishment for his refusal to cooperate with an investigation. Apart from his own testimony (which reflects no personal knowledge of defendants' mental state), Candler's only evidence is a memo from the district attorney requesting that Candler be housed in administrative segregation. That memo does not show that officials imposed administrative segregation as a punishment. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1045–47 (9th Cir. 2002).

3.      Candler argues that the grievance defendants were deliberately

indifferent to the conditions of his confinement, in violation of the Fourteenth Amendment. Candler filed grievances complaining that he (1) received only two hours of exercise time during one week in 2009; (2) had not received an explanation about why he was being housed in administrative segregation; and (3) was not given adequate cleaning supplies to clean his cell and as a result developed sores and a rash. The district court rejected Candler's claims based on those grievances and alternatively held that the grievance defendants were entitled to qualified immunity.

To establish a claim of deliberate indifference, Candler must prove that, among other things, the grievance defendants made an "intentional decision with respect to the conditions under which [he] was confined," and "a reasonable officer in the circumstances would have appreciated the high degree of risk involved." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

With respect to his claim of inadequate exercise, Candler has presented sufficient evidence to create a genuine issue of material fact on whether his Fourteenth Amendment rights were violated. Specifically, Candler presents evidence that even after his grievance was sustained, he continued to receive inadequate exercise time. The district court's contrary conclusion rested on *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008), which the district court regarded as establishing that two hours of exercise time per week is the

4

"constitutional floor." *Id.* at 1213. Our decision in *Pierce* upheld an injunction requiring jail officials to give detainees at least two hours of exercise time, but we emphasized that the injunction "require[d] considerably *less* exercise—just two hours a week—than the one hour a day recognized elsewhere as a constitutional floor." *Id.* The minimum of five to seven hours of exercise time per week for inmates confined like Candler was clearly established by our cases. *See id.*; *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994); *see also Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (affirming order granting inmates in administrative segregation a "right of outdoor exercise one hour per day, five days a week").

The grievance defendants argue that they did not have control over Candler's exercise time and therefore are not liable. It may be true that Candler has not named the correct jail official responsible for any constitutional deprivation. We do not address that issue but leave it for the district court to resolve on remand.

As for Candler's other claims against the grievance defendants, we affirm the grant of summary judgment. Candler's claim based on his classification fails for the same reasons presented above with respect to the classification defendants. For Candler's sanitation and medical-care claims, even if Candler could establish a constitutional violation, the district court correctly held that the grievance defendants are entitled to qualified immunity because it would not have been clear

5

to a reasonable officer that it was unlawful to deny the grievances.

**AFFIRMED in part, REVERSED in part, and REMANDED**.

The parties shall bear their own costs.

6